IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ID TECHNOLOGY, LLC,

*Plaintiff*,

v.

INVATA, LLC d/b/a INVATA
INTRALOGISTICS,

*Defendant*.

Civil Action No. 23-3298

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO PERMIT ALTERNATE SERVICE

Plaintiff ID Technology, LLC submits this brief in support of its Motion to Permit
Alternate Service seeking an order granting Plaintiff permission to serve its Complaint and
Summons on Defendant by way of regular, certified, and overnight mail.

## BACKGROUND

This is a collections case. Plaintiff brings breach of contract and unjust enrichment claims
against Defendant for failure to pay invoices from purchase orders for goods delivered by
Plaintiff in accordance with the parties' written agreement. Defendant has failed to even respond
to Plaintiff's demand for payment.

Forced to seek redress from this Court, Plaintiff filed suit and diligently attempted to
serve its Summons and Complaint on Defendant. Counsel for Plaintiff retained a process server,
who was unable to serve Defendant at its headquarters in Conshohocken, Pennsylvania (the
"Conshohocken Address"). *See* Declaration of Robert P. Johnson ("Johnson Dec.") ¶ 2, attached
as Exhibit A. Upon arrival at Defendant's headquarters, the process server found that only those
with a key card could obtain access to Defendant's offices. *See* Conshohocken Proof, attached as

1

Exhibit B. There was no security guard or receptionist from whom the process server might have sought access on duty in the building lobby. *See id.* The process server called the main telephone number for Defendant and found that the number was disconnected. *See id.* The process server called Defendant's technical support number and was told that all of Defendant's employees at the Conshohocken Address worked remotely. *See id.*

Counsel for Plaintiff then supervised comprehensive research of Secretary of State websites and the Bloomberg, ZoomInfo, Crunchbase, OpenCorporates, and LexisNexis databases confirming that the Conshohocken Address was the correct location of Defendant's principal place of business. *See* Johnson Dec. ¶¶ 2-4. This research also revealed that, in a recent lawsuit against Defendant, one of Defendant's top executives represented in a declaration that Defendant had its principal place of business at the Conshohocken Address. *See* Declaration of Ayman Labib, attached as Exhibit 1 to Declaration of Robert Johnson. Additionally, this research unearthed another address for an office in New Hampshire (the "New Hampshire Address") that may at one point have been staffed by Defendant's CEO.[1] *See* Johnson Dec. ¶ 5. Plaintiff's process server attempted service at the New Hampshire Address five times, on different days, at different times of the day, only to find the building locked. *See* New Hampshire Proof, attached as Exhibit C. Plaintiff's process server also attempted to inquire with a neighbor about access to the building, but received no answer. *See id.*

Based on the foregoing, counsel for Plaintiff believes that Defendant is simply dodging service and that service would be possible via mail at the Conshohocken Address.

**LEGAL STANDARD**

---

[1] Counsel's Declaration inadvertently states that this other office was located in Connecticut. As counsel is unavailable to correct the error before the deadline for service has passed, Plaintiff asks for the Court's indulgence in forgiving this oversight and any confusion the discrepancy may cause. For avoidance of doubt, the office suspected to be staffed by Defendant's CEO was in New Hampshire, not Connecticut.

Federal Rule of Civil Procedure 4(e) requires that service upon a corporation be made according to the law of the state in which the district court is located or by serving an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process for the defendant. Pennsylvania Rule of Civil Procedure 424 requires that service upon a corporation be made by serving either an executive officer, partner, or trustee of the defendant corporation; the manager, clerk, or other person being in charge of the defendant corporation's regular place of business; or an agent authorized by the defendant corporation in writing to receive service of process for it. When service cannot be made in the manner provided for in Rule 424, Pennsylvania Rule of Civil Procedure 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

District Courts in Pennsylvania have held that a successful motion for alternative service requires (1) an unsuccessful attempt to properly serve the defendant, (2) a good faith effort to locate the defendant, and (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant." *See Fed. Home Loan Mortg. Corp. v. Stevens*, No. 3:01-1932, 2001 WL 1528530, at *1 (M.D. Pa. Nov. 30, 2001); *AYR Motor Express, Inc. v. Keystone Transp. Servs., Inc.*, No. CIV. A. 97-3763, 1998 WL 94811, at *2 (E.D. Pa. Mar. 4, 1998) (citing Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa. 1997).

## ARGUMENT

This Court should grant Plaintiff permission to serve its Complaint and Summons on Defendant by regular, certified, and overnight mail because Plaintiff has (1) unsuccessfully attempted to properly serve Defendant, (2) made good faith efforts to locate the defendant, and (3)

identified a method of alternative service reasonably calculated to give actual notice to the defendant.

Plaintiff has made at least six unsuccessful attempts to properly serve Defendant at its principal place of business and an alternative office where Plaintiff hoped to locate and serve Defendant's CEO.

Plaintiff has made good faith efforts to locate Defendant. These efforts have included scouring the Secretary of State websites of states across the country and the Bloomberg, ZoomInfo, Crunchbase, OpenCorporates, and LexisNexis databases. Plaintiff has also researched recent litigation involving Defendant to confirm its principal place of business at the Conshohocken Address. This research consistently identified the Conshohocken Address as Defendant's principal place of business. Plaintiff also endeavored to serve Defendant's CEO at the New Hampshire Address and attempted to make inquiries with a neighbor when service there proved impossible.

Plaintiff has identified a method of alternative service reasonably calculated to give actual notice of this action to Defendant. All signs indicate that Defendant has its principal place of business at the Conshohocken Address and is simply dodging service there. Plaintiff seeks to serve Defendant at the Conshohocken Address by regular, certified, and overnight mail. If Defendant indeed maintains its principal place of business at the Conshohocken Address, even if many employees at that office work remotely, Defendant must have in place some protocol for intercepting traditional mail there. Alternatively, Plaintiff has identified addresses of what are believed to be other current offices of Defendant and seeks leave to attempt service by mail on those addresses as well. District courts in Pennsylvania routinely find service of process by certified and regular mail to be reasonably calculated to provide actual notice to defendants. *See Teamsters Pension Tr. Fund of Philadelphia & Vicinity v. Direct Carrier Transp. & Distribution,*

*Inc.,* No. CIV.A. 00-CV-1883, 2002 WL 32349874, at *1 (E.D. Pa. Feb. 15, 2002); *Elecs. Boutique Holdings Corp. v. Zuccarini*, No. CIV. A. 00-4055, 2001 WL 83388, at *3 (E.D. Pa. Jan. 25, 2001), aff'd, 33 F. App'x 647 (3d Cir. 2002); *Washington Cnty. Fam. Ent., LLC v. RNN Ent. Inc.*, No. 2:17-CV-807, 2018 WL 287932, at *3 (W.D. Pa. Jan. 4, 2018) *Devs. Sur. & Indem. Co. v. Parkwood Pointe Assocs., LLC*, No. CV 17-1647, 2018 WL 3118280, at *2 (W.D. Pa. June 25, 2018).

WHEREFORE, Plaintiff ID TECHNOLOGY, LLC respectfully requests that this Court grant its Motion and permit Plaintiff to serve the Complaint and Summons on Defendant by regular, certified, and overnight mail.

Respectfully submitted,

Dated: December 5, 2023

/s/ *Louis R. Moffa, Jr.*
Louis R. Moffa, Jr.
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
457 Haddonfield Road
Cherry Hill, NJ 08002
(856-488-7740
lmoffa@mmwr.com

*Counsel for Plaintiff ID Technology, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ID TECHNOLOGY, LLC,

*Plaintiff*,

v.

INVATA, LLC d/b/a INVATA
INTRALOGISTICS,

*Defendant*.

Civil Action No. 23-3298

**<u>ORDER</u>**

And now, this _____ day of December, 2023, upon consideration of Plaintiff's Motion to Permit Alternate Service and any response thereto, it is ORDERED that Plaintiff's Motion is GRANTED.

BY THE COURT:

_____

Goldberg, J.

6

## CERTIFICATE OF SERVICE

I certify that today I served the foregoing documents on Defendant Invata, LLC via First Class

mail at:

1010 Spring Mill Avenue, Suite 300
Conshohocken, PA 19428

Dated: December 5, 2023                         _/s/ Louis R. Moffa, Jr._
                                                Louis R. Moffa, Jr.
                                                MONTGOMERY McCRACKEN
                                                WALKER & RHOADS LLP
                                                457 Haddonfield Road
                                                Cherry Hill, NJ 08002
                                                (856-488-7740
                                                lmoffa@mmwr.com

                                                *Counsel for Plaintiff ID Technology, LLC*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ID TECHNOLOGY, LLC | : | |
| PLAINTIFF, | : | CASE NO.: 2:23-cv-03298-MSG |
| | : | |
| - vs - | : | |
| | : | |
| INVATA, LLC, d/b/a INVATA INTRALOGISTICS | : | |
| | : | |
| DEFENDANT. | : | |

---

## DECLARATION OF ROBERT P. JOHNSON, ESQ.

---

I, Robert P. Johnson, declare under the penalty of perjury as follows:

1.      I am a partner with the Cincinnati office of the law firm of Thompson Hine LLP and have personal knowledge of the facts stated in this Affidavit.  I regularly act as outside counsel for Pro Mach, Inc., the parent company of Plaintiff ID Technology, LLC.

2.      When the process server retained by trial counsel for ID Technology, LLC was unable to serve the Summons and Complaint on Invata, LLC at its headquarters at 1010 Spring Mill Avenue, Suite 300, Conshohocken, Pennsylvania 19428, I supervised research performed by our firm library to verify the correct address and any possible alternative or successor addresses for Invata, LLC.

3.      The research performed by the library included searches of Secretary of State websites of states across the country, as well as database searches through Bloomberg, ZoomInfo, Crunchbase, OpenCorporates and LexisNexis.

4.      This research consistently identified the principal place of business of Invata, LLC as being at the Conshohocken address to which the process server was unable to gain access.

5.     The searches also located an address for an office in Connecticut, apparently staffed at one point by Invata CEO, Brian Sheehan.  ID Technology unsuccessfully attempted to serve the Summons and Complaint at that office as well, only to find the building locked.

6.     LexisNexis searches for recent litigation involving Invata, LLC located a Declaration of Ayman Labib, then chief technology officer, and upon information and belief, currently chief financial officer of Invata, LLC, dated August 2, 2023.  In the Declaration filed in the case of *Fletchline, Inc., et al. v. Invata, LLC, et al.*, Case No. 23-cv-00151 in the Unites States District Court for the Middle District of Tennessee, Mr. Labib represented at ¶ 3 of his Declaration that Invata, LLC has its principal place of business at 1010 Spring Mill Avenue, Suite 300, Conshohocken, Pennsylvania 19428.  A true and accurate copy of the Labib Declaration is attached to this Declaration as Exhibit 1.  The *Fletchline* case has subsequently been transferred to this District where it is pending under Case No. 23-cv-03295.

7.     Based upon its research, ID Technology believes that Invata is simply dodging service and that service would be possible through mail at the Conshohocken address. Alternatively, ID Technology has located addresses of what are believed to be current offices of Invata, LLC and seeks leave to attempt service by mail on those addresses as well.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Robert P. Johnson

4881-0116-9556.1

2

# EXHIBIT 1

UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FLETCHLINE, INC. and
FLETCHLINE ELECTRICAL
SERVICES, LLC

     Plaintiffs,

v.

INVATA, LLC d/b/a INVATA
INTRALOGISTICS and
JOHN DOES 1-5

     Defendants.

Civil Action No. 23-cv-00151

## DECLARATION OF AYMAN LABIB

I, Ayman Labib, declare as follows:

1.     I am over eighteen years of age and in all respects competent to testify to the facts set forth in this Declaration.

2.     I am the Chief Technology Officer of Invata, LLC. In my professional role, I am familiar with Invata, LLC's operations, including the states in which Invata, LLC conducts business and its contractual relationship with Fletchline, Inc. and Fletchline Electrical Services, LLC (collectively "Plaintiffs"). As such, I have personal knowledge of all matters stated in this Declaration.

3.     Invata, LLC is a limited liability company organized under the laws of Pennsylvania. Invata, LLC has its principal place of business in Pennsylvania, at 1010 Spring Mill Ave., Suite 300 Conshohocken, PA 19428.

4.     Invata's operations are based in Pennsylvania.

1

5.      Invata, LLC is not registered to do business in Tennessee, and it does not have any operations, facilities, or employees in Tennessee.

6.      Invata, LLC does not have continuing or recurring contractual commitments with Tennessee businesses.

7.      Invata, LLC is a company specializing in designing, selling, and implementing comprehensive, fully integrated, and centrally orchestrated warehouse automation systems. In providing these systems, Invata, LLC sources different components or services from other contractors.

8.      Invata, LLC was retained for installing a fulfillment system at two warehouses— one in Aberdeen, MD (the "Maryland Project"), and the other is located in East Bridgewater, Massachusetts (the "Massachusetts Project"). For these projects, Invata, LLC contracted with Fletchline Electrical Services ("FES") to perform certain electrical work at the project sites, including field wiring and installation. Invata, LLC also contracted with Fletchline, Inc. for the installation of certain mechanical components at the Massachusetts and Maryland Projects.

9.      Invata, LLC sent purchase orders to Plaintiffs to provide the terms of the contracted work. Invata sent the purchase orders from Pennsylvania. Any contact Invata, LLC made with Plaintiffs regarding engaging Plaintiffs' work on the Maryland and Massachusetts Projects occurred from Invata, LLC's office in Pennsylvania. A true and correct copy of those purchase orders are attached to this Declaration as Collective Exhibit 1.

10.     Plaintiffs accepted the terms of the purchase orders and performed work on the Maryland and Massachusetts Projects at the project sites in those states.

11.     The purchase orders accepted by Plaintiffs state that that they are subject to Invata Purchase Order Terms and Conditions shown at http://www.invata.com/purchase-order-terms-and-

conditions/, which include the Governing Law, Jurisdiction, and Venue condition making them subject to jurisdiction exclusively in Pennsylvania. A true and correct copy of the Terms and Conditions incorporated into Invata, LLC's purchase orders is attached to this Declaration as Exhibit 2.

12.     Among the Terms and Conditions that Invata LLC's purchases with Plaintiff are subject to is a condition stating:

> **Governing Law, Jurisdiction and Venue**. This purchase order shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without giving effect to choice of law principles. Any dispute arising under this agreement shall be brought in the state or federal courts within the Eastern District of Pennsylvania. Seller specifically consents to the jurisdiction and venue of the state and federal courts; located in the Eastern District of Pennsylvania and agrees to accept service of process by certified mail, overnight delivery service, or any other service that provides a receipt for acknowledgement of delivery.

13.     The work related to these purchase orders occurred at the sites of the Projects in Maryland and Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 1, 2023

Ayman Labib

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served upon the following persons by U.S. Mail and email on the 2nd day of August 2023.

William R. O'Bryan, Jr.
John H. Dollarhide
W. Travis Vest
150 Third Avenue South, Suite 1600
Nashville, TN 37201
bill.obryan@butlersnow.com
john.dollarhide@butlersnow.com
travis.vest@butlersnow.com

/s/ John R. Jacobson

# EXHIBIT 1



**invata**
intralogistics

Invata Inc.
1010 Spring Mill Ave. Suite 300
Conshohocken, PA 19428
(610) 397-1050

# Purchase Order

| Date | P.O. # |
|------|--------|
| 4/13/2022 | T220230 |

**RECEIVED IN FULL** *(stamp)*

| Supplier | | Ship To |
|----------|--|---------|
| Fletchline Electrical Services, LLC<br>5480 Lakeview Road<br>Springfield, TN 37172 | | 47 Brand LLC<br>140 Laurel Street<br>East Bridgewater, MA 02333 |

| Ship Via | Ship Date | On-site Date | Terms | Attention | Carlton Stottlemyer |
|----------|-----------|--------------|-------|-----------|---------------------|
| FOB | 4/13/2022 | 7/5/2022 | See below | | Invata |

| Description | Qty | Each | Amount |
|-------------|-----|------|--------|
| Bid Price For Installation at East Bridgewater, MA | 1 | 295,265.00 | 295,265.00 |
| Optional Price for Additional On-Site Support | 1 | 770.00 | 770.00 |
| Terms:<br><br>10% upon PO Receipt, Net 10<br>10% mobilization on site; Net 30<br>60% based on project progress; Net 30<br>10% upon substantial completion; net 30<br>10% upon punchlist completion; net 30 | | | |

Please note Purchase Order Number and send invoice to the attention of
Accounts Payable at the above address.

| **Total** | **$296,035.00** |
|-----------|-----------------|

Direct accounts payable inquiries to:
accounts.payable@invata.com
(610) 397-1050

Purchase subject to Invata Purchase Order Terms and Conditions:
http://www.invata.com/purchase-order-terms-and-conditions/



Invata Inc.
1010 Spring Mill Ave.  Suite 300
Conshohocken, PA 19428
(610) 397-1050

# Purchase Order

| Date | P.O. # |
|------|--------|
| 5/23/2022 | T220310 |

## Supplier

Fletchline, Inc
5480 Lakeview Road
Springfield TN 37172

### Ship To

Fanatics
727 Old Philadelphia Road
Aberdeen, MD 21001

| Ship Via | Ship Date | On-site Date | Terms | Attention | |
|----------|-----------|--------------|-------|-----------|--|
| FOB-DESTINATI... | 5/23/2022 | 5/23/2022 | Net 45 Days | | Sam McCabe |
| | | | | | Invata |

| Description | Qty | Each | Amount |
|-------------|-----|------|--------|
| Receiving Area Mechanical Installation | 1 | 224,090.00 | 224,090.00 |
| APW Area | 1 | 149,015.00 | 149,015.00 |
| Central Processing Area | 1 | 393,249.00 | 393,249.00 |
| Inserts through taping | 1 | 130,722.00 | 130,722.00 |
| Slam through shipping | 1 | 106,507.00 | 106,507.00 |
| Commissioning support | 1 | 6,000.00 | 6,000.00 |
| Time & Material (not to exceed this am't) | 1 | 250,000.00 | 250,000.00 |
| Time & Material (not to exceed this am't) | 1 | 250,000.00 | 250,000.00 |

Please note Purchase Order Number and send invoice to the attention of
Accounts Payable at the above address.

| Total | $1,509,583.00 |
|-------|---------------|

Direct accounts payable inquiries to:
accounts.payable@invata.com
(610) 397-1050

Purchase subject to Invata Purchase Order Terms and Conditions:
http://www.invata.com/purchase-order-terms-and-conditions/

# EXHIBIT 2

## Invata LLC, 1010 Spring Mill Avenue, Suite 300, Conshohocken, PA 19428

### PURCHASE ORDER TERMS AND CONDITIONS

This purchase order constitutes a binding contract between Seller and Buyer in accordance with the terms set forth herein when accepted by Seller by execution of this document (or upon commencement of performance by either party hereunder.) Seller may not alter or modify this agreement by the issuance of Sellers terms or by any conditional acceptance. Any modification of the terms of the purchase order must be in writing and agreed to by an authorized representative of Buyer.

**Deliverables.** Seller shall provide the deliverables set forth in the purchase order and the accompanying attachments. The Deliverables include the products and equipment listed on these attachments and/or the installation of the products and equipment.

**Timing.** The Deliverables shall be delivered in accordance with the schedule set forth in the accompanying attachments. Buyer's obligation to make payment is contingent upon timely performance by the Seller under this purchase order.

**Invoicing.** Invoices shall be delivered to Buyer following installation of the Deliverables at the address shown above. If payments are scheduled on a milestone basis, Seller shall issue an invoice to Buyer after each milestone is reached. Invoices must include and reference the PO line item number and line item description exactly as they appear on the PO. Any terms contained in Seller's invoice are not binding on Buyer and shall not contradict the terms of this purchase order. Unless otherwise agreed in written agreement signed by Buyer, payment terms are net forty-five (45) days from receipt of invoice.

**Price.** Buyer shall not be required to pay for any goods and services at prices higher than those specified on the Purchase Order. If no price is specified on the Purchase Order, the goods or services shall be billed at the prices last quoted to the buyer or at the prevailing market prices, whichever is lower.

**Payment Upon Acceptance of the Deliverables.** Buyer will pay the amounts, in US Dollars, as listed in the attachment. If any of the Deliverables are rejected or any portion of the invoice is disputed, Buyer shall pay that portion of the invoice that is not disputed and advise Seller of the reasons for rejection of the Deliverables or any portion of the Deliverables. Upon resolution of any disputed Deliverable or disputed charge, Buyer shall make payment to Seller within fifteen (15) business days of the unpaid amount. Any rejected Deliverable that is to be returned to Seller shall be returned at Seller's expense.

**Taxes.** Buyer shall not be responsible for or pay any of Seller's taxes including but not limited to employment taxes, corporate taxes, franchise taxes measured by capital, capital stock net worth, property value, gross margin or gross profit or any export or import taxes.

**Warranty.** In addition to any warranty contained in the attachments and attached hereto, Seller warrants that the Deliverables shall be free from any defects and conform to the specifications provided to the Seller. Seller further warrants that the Deliverables do not infringe on any intellectual property, patent, copyright or trademark (collectively "Intellectual Property") of any third party and that Seller has the right to include the Intellectual Property in any of the Deliverables and grants full license to Buyer and Buyer's designees to use the Intellectual Property within the deliverables. Seller agrees to indemnify, defend and hold Buyer and Buyer's designees harmless from any claim of any third party of infringement of any intellectual property.

**No Liens.** The Deliverables shall be delivered and installed without any lien by Seller or any other party. Seller shall not file any liens on the deliverables and specifically waives any right to file such liens.

**Confidential Information.** Confidential information means any information, materials that have or could have commercial value of other utility in the business in which disclosing party is engaged and information which if disclosed could have a detrimental impact on the disclosing party. Confidential information includes all information transmitted in any medium by the disclosing party that has been designated as confidential including but not limited to information related to product design, business plans, customers, requirements, financial information, equipment and systems, technical know-how, and trade secrets. Confidential information does not include information that is publicly known at the time of disclosure or subsequently becomes public through no fault of the receiving party; was known or discovered by the receiving party prior to the disclosure by the disclosing party; or learned by the receiving party from a source other than disclosing party that was not bound by any obligation of confidentiality. Neither Buyer nor Seller shall disclose any Confidential Information of the other or use any confidential information of the other for its own benefit.

**Intellectual Property Rights.** All right, title and interest in and to any intellectual property rights of whatever nature arising out of the production and installation of the Deliverables shall vest in the interest of Buyer whether or not specifically recognized or perfected under applicable law, so long as it is used to operate and maintain the Deliverables. The interpretation of intellectual property to which the intellectual property rights are applicable under this section shall be given the broadest possible interpretation.

**Indemnification.** Seller shall defend, indemnify and hold Buyer harmless against all losses, liabilities, damages, claims and expenses, including reasonable attorney's fees arising directly or indirectly out of or in connection with the performance of Seller's obligations under this purchase order, including but not limited to production and installation of the Deliverables; injury of any person in the employment of Seller or of any of Seller's subcontractors; Seller's breach of any of its obligations under this purchase order.

**Expenses.** The price quoted in attachment must include all expenses incurred by Seller. Buyer may reject any requests for reimbursement for expenses if they have not been preapproved by the Buyer.

Purchase Order # 140469

**Publicity.**  Seller shall not issue any press release advertisement, communication or announcement with regard to the purchase order or its contents.  Seller shall not use the name, logo or other identifying mark of the Buyer or of Buyer's customer without the express written consent of Buyer.

**Insurance.**  Seller shall maintain general liability insurance in the amount of at least $1,000,000.00 per incident with an annual aggregate of at least $3,000,000.00.  In addition, Seller shall maintain all necessary insurances connected with the delivery and installation of the Deliverables, including but not limited to automobile and worker's compensation insurance.  Seller shall, at Buyer's request, provide certificates of insurance.

**Governing Law, Jurisdiction and Venue.**  This purchase order shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without giving effect to choice of law principles.  Any dispute arising under this agreement shall be brought in the state or federal courts within the Eastern District of Pennsylvania.  Seller specifically consents to the jurisdiction and venue of the state and federal courts; located in the Eastern District of Pennsylvania and agrees to accept service of process by certified mail, overnight delivery service, or any other service that provides a receipt for acknowledgement of delivery.

**Termination.**  Buyer reserves the right to terminate the purchase order for cause, insolvency of or bankruptcy filed by or against the Seller, by providing fifteen (15) days written notice to the Seller.  Upon termination, Buyer shall have no further obligation to Seller except to pay for any Deliverables that were provided and accepted by Buyer prior to termination.  Upon termination, Seller shall provide any assistance reasonably requested by Buyer to transition the business previously performed by Seller to another party.

**Assignment.**  Neither party may assign this purchase order in whole or in part without the prior written consent of the other party.

**Subcontractors.**  Seller has been specifically selected for this project and may not assign any of its obligations under this purchase order to a subcontractor without the prior written consent of Buyer.  Buyer may, in its sole discretion, withhold such consent.  In the event that consent is given, Seller shall remain primarily liable for all of the acts and omissions of any such subcontractor.

**Force Majeure.**  Both parties shall be relieved of any liability under this purchase order to the extent that such liability arises from an inability to perform those obligations as a result of any *force majeure* event, including acts of God, war, civil disturbance, government action, strikes, lock-outs, labor disputes or any other event beyond the reasonable control of that party.  The party that is impaired by such *force majeure* event shall notify the other party in writing within five (5) business days of the commencement of such event.  In the event that Seller cannot deliver the Deliverables to Buyer within thirty (30) days of the notification of the *force majeure* event, then Buyer can cancel the purchase order and have no further obligation to Seller to accept delivery of or pay for Deliverables that have not been received.

**Entire Agreement/No Modification.**  The provisions contained in this purchase order and accompanying attachments; constitute the entire agreement between the parties and Buyer is not bound by any representations not specifically set forth herein.  This purchase order may not be modified except by a written agreement signed by an authorized representative of the Buyer.

**Notices.**  All notices required under this purchase order shall be in writing and delivered to the other party at the address set forth above.

**No Waiver/Severability.**  The failure of either party to exercise its rights or enforce any provision of this purchase order shall not be deemed a waiver of its rights under the purchase order or its rights to enforce that provision at a future time or as the result of a subsequent breach.  To the extent that any portion of this purchase order is found to be illegal or invalid, the remainder of this purchase order and the accompanying attachments, shall remain in full force and effect.

**Import/Export Requirements.**  Seller warrants that the delivery and installation of the Deliverables shall comply with all export and import requirements of the county(ies) of origin of the Deliverables and of the United States.  Seller shall be solely liable for compliance with any import or export requirements including the payment of any fees, fines, levys, taxes, surcharges, customs duties associated with the delivery and installation of the Deliverables.

**Comportment.**  Seller is responsible for the conduct of their employees at all times during the installation process.  Seller will adhere to the compliance practices of the installation sites' management with regard to safety standards, and will maintain good housekeeping practices in the workplace.  Seller and their designees are expected to conduct themselves in a professional and courteous manner at all times.

**Permits.**  The seller is responsible for obtaining permits as required for the jurisdiction of delivery and will be compensated above the agreed upon purchase value of the deliverable.

**Prevailing Wages**  Seller may be responsible to compensate their employees at special wage as determined by a governmental or labor union consideration. In the event this becomes a requirement, Seller will have advance notice of such requirement prior to the issuance of the purchase order. The Seller must comply with the notified wage requirement as part of the agreed upon Deliverable.

Purchase Order # 140469

**EXHIBIT B**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.        23-cv-03298

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*        Invata, LLC, d/b/a Invata Intralogistics

was received by me on *(date)*        09/11/2023        .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☒ I returned the summons unexecuted because Non-Serve - Attempted 1010 Spring Mill Avenue, Ste 300 or
Conshohocken, PA 19428 - See below for comments.

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:   *9/14/23*

_____
Server's signature

Gavin Rogers / Process Server
_____
*Printed name and title*

2142 South Broad Street, Lower Level
Philadelphia, PA 19145
_____
*Server's address*

Additional information regarding attempted service, etc:

Upon arrival there was no access to upper floors.  Need key card.  No security or front desk in lobby.  Called main number found online 610-397-1050 and that was disconnected then called technical support at 877-ask-invata. Tech support stated that the workers at that location work remotely.

**EXHIBIT C**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.     23-cv-03298

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    **Invata, LLC, d/b/a Invata Intralogistics**
                                                              **c/o Ryan Sheehan (CEO)**

was received by me on *(date)*      **10/09/2023**

☐ I personally served the summons on the individual at *(place)*

                                                         on *(date)*                          , or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                                               , a person of suitable age and discretion who resides there,

on *(date)*                              , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                              , who is

designated by law to accept service of process on behalf of *(name of organization)*

                                                         on *(date)*                     ; or

☒ I returned the summons unexecuted because **Non-Serve - Attempted service at 314 Islington St. #3,**
                                             **Portsmouth, NH 03801.  See below for comments.**

☐ Other *(specify)*:


My fees are $                 for travel and $                 for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:   **11 / 7 /2023**

                                                         *Server's signature*

                                                         **David McGrath / Process Server**

                                                         *Printed name and title*
                                                         **19 Main Street**
                                                         **Unit 1356**
                                                         **Seabrook, NH. 03874**

                                                         *Server's address*

Additional information regarding attempted service, etc:

**10/10/2023 7:02am. No answer. Difficult entry due to locked and secured building.  Attempted neighbor and no answer.**
**10/11/2023 5:56pm. No answer.  No names on the mail boxes.**
**10/12/2023 1:45pm. No answer. Long wait for entry.**
**10/14/2023 7:12 am. No answer**
**10/16/2023 7:02 to 7:40pm - No answer.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ID TECHNOLOGY, LLC,

*Plaintiff*,

v.

INVATA, LLC d/b/a INVATA
INTRALOGISTICS,

*Defendant*.

Civil Action No. 23-3298

**ORDER**

And now, this _____ day of December, 2023, upon consideration of Plaintiff's Motion to Permit Alternate Service and any response thereto, it is ORDERED that Plaintiff's Motion is GRANTED.

BY THE COURT:

_____
Goldberg, J.

**CERTIFICATE OF SERVICE**

I certify that today I served the foregoing documents on Defendant Invata, LLC via First Class

mail at:

1010 Spring Mill Avenue, Suite 300
Conshohocken, PA 19428

Dated: December 5, 2023                     */s/ Louis R. Moffa, Jr.*
                                            Louis R. Moffa, Jr.
                                            MONTGOMERY MCCRACKEN
                                            WALKER & RHOADS LLP
                                            457 Haddonfield Road
                                            Cherry Hill, NJ 08002
                                            (856-488-7740
                                            lmoffa@mmwr.com

                                            *Counsel for Plaintiff ID Technology, LLC*